UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ANDREW FULTON<br>    LA. DOC #550701<br>VS. | CIVIL ACTION NO. 09-1130<br><br>SECTION P<br><br>CHIEF JUDGE JAMES |
| WANDA NOLAN, ET AL. | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Andrew Fulton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 2, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Madison Parish Corrections Center (MCC), Tallulah, Louisiana and he complains that he has been denied appropriate medical treatment. He originally sued MCC, its nursing department, Warden Shivers, Nurse Wanda Nolan, and Madison Parish Sheriff Larry Cox, seeking injunctive relief and unspecified monetary damages. On October 15, 2009 he amended the complaint and dismissed Warden Shivers, MCC, and the Nursing Department as defendants, therefore, the only remaining defendants are Sheriff Cox and Nurse Nolan. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff was arrested and incarcerated in St. Tammany Parish in June 2008. At that time,

"Remron" was prescribed for plaintiff's depression and anxiety.[1]

On April 9, 2009, plaintiff was transferred to MCC and examined by Nurse Nolan. When plaintiff complained about not receiving his medication, Nolan assured him that his medication would be available that evening. From April 9 through April 30, 2009, plaintiff was given his medication "approximately ten (10) times."

On April 12, 2009, plaintiff was warned that his continued requests would result in him needing "... more than a pill for depression..." According to plaintiff, this "threat" was made by officers working the night shift who refused to identify themselves. As a result of the "threat" plaintiff suffered anxiety attacks and sleeplessness.

On April 15, 2009, plaintiff again made sick call and advised the nurse that he was still not getting his medication, and that he was experiencing sleeplessness and anxiety as a result of the threats. Nurse Nolan confirmed that some of the corrections officers behaved in an unprofessional manner.

On April 22, 2009, plaintiff met with Major Johnson who promised plaintiff that he would provide medication, but his promise was not fulfilled. Plaintiff also complained about the threats but Johnson ignored this complaint which in turn resulted in more mental and physical stress.

On May 1, 2009, plaintiff's sister complained and she was assured by Captain Jenkins that he would look into the problem. Thereafter, plaintiff was moved to the medical dorm.

---

[1] Plaintiff is apparently referring to the medication known as Remeron®, or mirtazapine – an oral medication used to treat depression. Mirtazapine is in a class of medications called antidepressants. It works by increasing certain types of activity in the brain to maintain mental balance. See Medline Plus, a Service of the U.S. National Library of Medicine and the National Institutes of Health, "Drugs & Supplements" at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a697009.html#brand-names

However, according to plaintiff, he did not receive his medication from May 1 – May 14, 2009, his complaints were again ignored, and he continued to experience anxiety, sleeplessness, and depression.

On May 14, 2009, plaintiff "... had a stress related outbreak of hives..." He informed Nurse Nolan that he was still not receiving his medication; she called the various dormitories to find his medication but it was not located.

On May 15-17, 2009, Officer Jones refused to give plaintiff his evening medication which had been prescribed on May 14 to prevent further outbreaks of the hives.

Plaintiff has repeatedly requested psychiatric help to no avail because MCC has no mental health department. A social worker comes monthly to provide services; however, plaintiff has not been allowed to see her. Plaintiff continues to suffer from bouts of anxiety, sleeplessness, and the inability to remain "oriented." Plaintiff claims that Sheriff Cox is at fault for failing to provide 24 hour staffing of the medical department and for allowing unqualified officers to dispense medication. According to plaintiff he is experiencing muscle tension, migraine headaches and anxiety attacks and he is now unable to trust authority figures.

Plaintiff requests that he be evaluated by a psychiatrist and that the treatment prescribed be rendered as directed. He also requests that the facility be ordered to provide for around the clock nursing services and an investigation into the dispensation of medication at the facility. He also requests an unspecified amount of monetary damages.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint was deemed insufficient. Plaintiff was instructed on the law and directed to amend his complaint to provide additional facts. Plaintiff amended his complaint, but, as was shown, his amended complaint did not cure all of the deficiencies previously noted. Nevertheless, accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that this complaint should be dismissed as frivolous and for failing to state a claim for which relief may be granted.

*2. Medical Care*

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811

5

(1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994). The refusal to treat a prisoner's diagnosed psychiatric illness may amount to deliberate indifference under particular circumstances. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A 1981).

Nevertheless, "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Based upon plaintiff's motion, only two defendants remain – (1) Madison Parish Sheriff Larry Cox, and, (2) Nurse Wanda Nolan. The allegations contained in both the original and amended complaints fail to establish deliberate indifference on the part of these defendants. Plaintiff has not shown that Sheriff Cox, Nurse Nolan, or anyone else "'refused to treat [him], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex.*

*Dep't of Criminal Justice*, 239 F.3d at 756 (5th Cir.2001).

Plaintiff was directed to amend his complaint to provide the specific dates upon which his constitutional rights were allegedly violated. A careful review of the complaint reveals that the problems complained of occurred only during the period between April – May 2009. Plaintiff was moved to a medical unit in response to his complaints, and, with a few exceptions it appears that the defendants are addressing his psychological and psychiatric problems. He has not demonstrated deliberate indifference on the part of the remaining defendants or any others and therefore his medical care claim is frivolous.

*3. Threats*

In addition to, or in conjunction with, his medical care claim, petitioner complained that he was threatened with harm by corrections officers. Read liberally, it would appear that these threats, and not the failure to provide adequate treatment, were the source of plaintiff's anxiety. Nevertheless, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe , Louisiana, December 16, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE